IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-198-D

| | | |
|---|---|---|
| ARVE ANGELL ENG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JODY TINGEN, et al., | ) | |
| | ) | |
| Appellees. | ) | |

In this appeal from the United States Bankruptcy Court for the Eastern District of North Carolina, Arve Angell Eng ("Eng") contends that the bankruptcy court erred in granting summary judgment to Jody Tingen and Prime Properties of Greenville, Inc. d/b/a Prudential Prime Properties. [D.E. 1]. Specifically, Eng argues that the bankruptcy court misapplied the summary-judgment standard, misunderstood the standard that applied to Eng's negligence claim, and improperly limited discovery. See Br. of Appellant [D.E. 16]. As explained below, the court affirms the bankruptcy court's judgment.

Because the underlying motion for summary judgment involved a core matter, the bankruptcy court possessed the constitutional authority to enter a final judgment on the motion, and this court has jurisdiction over the appeal. See, e.g., Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2170–75 (2014); Stern v. Marshall, 131 S. Ct. 2594, 2608–19 (2011); 28 U.S.C. § 158(a). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287, 292 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006). The court reviews de novo an order granting a motion for summary judgment. See, e.g., Scott v. Harris, 550 U.S. 372, 378–80

(2007); Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986); Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008).

In 2010, Eng purchased two convenience stores for approximately $2,600,000. Bankruptcy Order [D.E. 1-1] 3. Eng made a down payment of $696,000 and executed a promissory note secured by a deed of trust on the properties for $1,948,000. Id. Tingen earned a $94,000 commission on the sale. Id. On August 8, 2012, after becoming disappointed in the investment's performance, Eng sued Tingen and Prudential in Pitt County Superior Court concerning the sale. Id. Eng asserted five claims: (1) negligence; (2) breach of contract; (3) negligent misrepresentation; (4) constructive fraud; and, (5) violation of North Carolina's Unfair and Deceptive Trade Practices Act. See id. Tingen and Prudential filed an answer and third-party complaint for indemnity and contribution against Adam, N.C., Inc., Michael Elwan, Petromax Retail NC, Inc., and Petromax, NC, LLC. Id. Essentially, those parties were the entities who sold the convenience store to Eng, and Eng also sued them in Pitt County Superior Court. See [D.E. 2-4] 4.

On April 4, 2013, Eng filed a petition for relief under Chapter 11 of the Bankruptcy Code, and the state-court action against Tingen and Prudential was removed in June 2013. See 28 U.S.C. § 1452; [D.E. 2-6].[1] On January 30, 2014, Tingen and Prudential filed a motion for summary judgment on the five state-law claims. [D.E. 3-1]. On August 21, 2014, the bankruptcy court entered a comprehensive order granting defendants' motion for summary judgment on Eng's five state-law claims against Tingen and Prudential. See Bankruptcy Order 5–19.

This court has reviewed the record and the relevant cases concerning Eng's five claims and

---

[1] Eng's suit against Adam, N.C. Inc., Michael Elwan, Petromax Retail N.C., Inc., and Retromax, NC, LLC also was removed pursuant to 28 U.S.C. § 1452. On August 24, 2014, Eng settled that lawsuit. See [D.E. 2-4] 4–28.

concludes that the bankruptcy court properly analyzed the claims. Moreover, Tingen and Prudential's appellate brief explains at even greater length and with record citations and alternative supporting legal rationales why the bankruptcy court's conclusions are correct. See [D.E. 17]. In contrast, Eng's appellate brief is a stream of consciousness narrative that would make James Joyce proud. Unfortunately for Eng, James Joyce is not a good model to use in writing an appellate brief. Record citations are required. See Fed. R. App. P. 28(a)(8)(A), 28(e). Furthermore, the failure to comply with Rule 28 of the Federal Rules of Appellate Procedure "triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see Robinson v. Comm'r of Soc. Sec., 583 F. App'x 68, 69 (4th Cir. 2014) (per curiam) (unpublished); United States v. Myers, 581 F. App'x 171, 173 (4th Cir. 2014) (per curiam) (unpublished); United States v. Johnson, 557 F. App'x 240, 243 (4th Cir. 2014) (per curiam) (unpublished); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009). Thus, as a matter of substance and procedure, Eng's claims fail.

Finally, Eng contests the bankruptcy court's decision concerning discovery of Elwan's state and federal tax returns. See Br. of Appellant 15–16. Elwan was not a defendant in Eng's state-court action against Tingen and Prudential, and the bankruptcy court did not abuse its discretion concerning the discovery of Elwan's state and federal tax returns. See, e.g., United States v. Clarke, 134 S. Ct. 2361, 2368 (2014); Brown v. Plata, 131 S. Ct. 1910, 1935 (2011); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

In sum, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This 12 day of January 2015.

JAMES C. DEVER III
Chief United States District Judge